Filed 6/26/14  Gilroy v. Gilroy CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JULIA Y. S. GILROY, | B243035 |
| Cross-complainant and Respondent, | (Los Angeles County Super. Ct. No. BC466292) |
| v. | |
| TIMOTHY A. GILROY, | |
| Cross-defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth A. White, Judge.  Affirmed.

Dennis E. Braun for Cross-defendant and Appellant.

Julia Yoni Stone Gilroy, in pro. per., for Cross-complainant and Respondent.

_____

Appellant Timothy Gilroy[1] responded to a verified cross-complaint filed by his former partner Julia Gilroy by filing a special motion to strike under Code of Civil Procedure section 425.16, the anti-SLAPP (strategic lawsuit against public participation) statute.[2] The trial court granted the special motion to strike as to three causes of action alleged in the verified cross-complaint, and denied the special motion to strike the causes of action alleging fraud in the inducement (second cause of action) and unjust enrichment (third cause of action). Timothy appeals, contending the acts upon which these causes of action are based constitute activity protected by the anti-SLAPP statute, and the trial court erred in ruling those acts were merely incidental. We conclude the second and third causes of action are not based upon conduct protected by the anti-SLAPP statute, thus we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Timothy and Julia met in 1995 and had a long-term relationship. When their relationship ended, a dispute arose regarding the ownership of their single-family residence and other personal property.

In June 2010, Timothy filed a petition for marriage dissolution, in which he also sought and obtained a property restraining order. (*Gilroy v. Gilroy* (Super. Ct. L.A. County, 2010, No. BD526798)) (marriage dissolution action). In July 2011, the parties agreed that there was no marriage, and the court ordered the property restraining order dissolved. The parties both filed civil actions.

1. *Gilroy v. Gilroy* (Super Ct. L.A. County, 2011, No. BC466292)

In July 2011, Timothy filed a civil action against Julia. Neither the complaint nor the first amended complaint is in the record. In April 2012, Julia filed the verified cross-complaint at issue in this appeal.

---

**1** For the sake of clarity and convenience, we sometimes refer to the parties by their first names. No disrespect is intended.

**2** All undesignated statutory references are to the Code of Civil Procedure.

2. *Gilroy v. Gilroy* (Super Ct. L.A. County, 2011, No. BC473279)

In November 2011, before Julia filed her verified cross-complaint, she filed a civil action against Timothy (dismissed civil action).[3] The complaint alleged causes of action for fraud in the inducement, unjust enrichment, fraud (deceit – intentional misrepresentation of material fact), intentional infliction of emotional distress, negligent infliction of emotional distress, and partition of real property.

a. *Allegations*

The first two causes of action (fraud in the inducement and unjust enrichment) alleged that Timothy convinced Julia to act as if they were married, and Timothy induced her to add his name to title to her home, which at the time was her sole and separate property, and to add his name to her bank accounts. Timothy also allegedly induced Julia to pay all the living expenses and place her retirement funds into his retirement account.

In the third cause of action (intentional misrepresentation of fact), the complaint alleged Timothy filed a fraudulent action for dissolution of marriage and misrepresented facts to the court. The fourth and fifth causes of action for intentional and negligent infliction of emotional distress alleged that in filing the marriage dissolution action, Timothy knew it would ruin Julia financially, and his actions intentionally or negligently caused her emotional distress.

The sixth cause of action sought partition by sale of the single-family residence.

---

[3]     On appeal, Timothy filed a request for judicial notice of 13 documents filed in the dismissed civil action (BC473279). (Evid. Code, § 452, subd. (d).) Julia opposed the motion. We deferred consideration of the request pending a determination of the appeal on its merits. Neither party presented these 13 documents to the trial court in connection with the anti-SLAPP motion. Generally, documents not before the trial court are beyond the scope of appellate review. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) Although no exceptional circumstances are present here to deviate from the general rule, we take judicial notice that these documents exist in the court files and records for purposes of presenting the background giving rise to the issues presented on appeal.

b. *Special Motion to Strike, Voluntary Dismissal*

In response to the complaint, Timothy filed a special motion to strike all of the causes of action except the sixth cause of action. He argued the complaint arose from his petitioning activity in filing the marriage dissolution action (BD526798) and civil action (BC466292). Timothy also argued Julia could not demonstrate a probability of prevailing on the merits, and he asserted the litigation privilege as an affirmative defense (Civ. Code, § 47, subd. (b)).

Julia did not oppose the motion. Instead, before the hearing on the anti-SLAPP motion, she dismissed her complaint.

As noted, a month later, Julia filed the verified cross-complaint at issue in this appeal.

c. *Attorney Fees*

Timothy sought and was awarded $9,350 in attorney fees as the prevailing party. (§ 425.16, subd. (c)(1).)

3. *Special Motion to Strike Verified Cross-Complaint (Case No. BC466292)*

Julia's verified cross-complaint is similar to the complaint she filed and dismissed. The causes of action, however, were reorganized, and the partition cause of action is alleged first. At issue are the second and third causes of action, alleging fraud in the inducement and unjust enrichment.

The second cause of action incorporates the general allegations, which include the filing of the fraudulent marriage dissolution action. Timothy allegedly made false misrepresentations to Julia, which induced her to add his name to the title of her home, to add his name to her bank accounts, and to place her retirement funds into his retirement plan. Additionally, when Julia sought to separate the parties' household, and offered to purchase Timothy's share of the equity in their home, Timothy filed a fraudulent action for dissolution of marriage and had her bank accounts frozen.

The third cause of action is based upon the equitable remedy of unjust enrichment and incorporates the general allegations. It is alleged that Timothy, through his wrongful and unlawful conduct, has reaped substantial profits from the monies and real property

4

belonging to Julia, and in doing so has caused her to suffer substantial monetary losses. Timothy allegedly has received the "benefit of wrongfully and improperly withholding said monies and real property" from Julia.

Timothy filed a similar special motion to strike the second and third causes of action.[4] He contended the second and third causes of action arise from petitioning activity, Julia could not meet her burden to demonstrate a probability of prevailing on the merits, and he asserted the litigation privilege as an affirmative defense. Timothy states in his appellate brief that Julia admitted the reason she filed the verified cross-complaint is to "claim that [Appellant's] petitioning and litigation activities were fraudulent." The question of subjective intent is not relevant under the anti-SLAPP statute. (See *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 74, 78.)

Julia filed an opposition, but she did not present any evidentiary submissions to support a showing of merit.[5]

4.   *Denial of Special Motion to Strike (Second and Third Causes of Action)*

The trial court denied the motion to strike the second (fraud in inducement) and third (unjust enrichment) causes of action in the verified cross-complaint, concluding these causes of action did not arise from petitioning activity.

Timothy timely appealed from the order denying the special motion to strike.[6]

---

[4]   The trial court granted the special motion to strike the fourth (deceit – intentional misrepresentation of fact), fifth (intentional infliction of emotional distress), and sixth (negligent infliction of emotional distress) causes of action in the verified cross-complaint and awarded Timothy $3,060 in attorney fees.

[5]   In her opposition, Julia made a formal request for judicial notice of the files and records in the marriage dissolution action (BD526798) and the dismissed civil action (BC473279). The trial court denied the request because Julia failed to specify the records or submit a copy of the records.

[6]   The order is appealable. (§§ 425.16, subd. (i); 904.1, subd. (a)(1)(13).)

5

CONTENTIONS

Timothy presents five issues to the court with one heading to support his legal argument that the second and third causes of action arise from activity protected by the anti-SLAPP statute, and Julia did not demonstrate a probability of prevailing on the merits. This legal argument, however, does not correspond to the stated issues. (See Cal. Rules of Court, rule 8.204(a)(1)(B) [briefs must "[s]tate each point under a separate heading . . . and support each point by argument and . . . by citation of authority"].) Two issues address whether the trial court erred by not taking judicial notice of the files and attorney fees award in the dismissed civil action (BC473279). Three issues relate to the merits of the trial court's order, principally focusing on the trial court's error in concluding that any alleged petitioning activity in the second and third causes of action was merely incidental.[7]

DISCUSSION

1. *The Trial Court Did Not Err in Denying the Request for Judicial Notice*

Timothy contends the trial court erred in denying the request to take judicial notice of the court file in the dismissed civil action (BC473279), which included the minute order and hearing transcript (incorporated into the minute order) awarding him attorney fees.[8] He argues that had the trial court taken judicial notice, it would also have granted the special motion to strike the second and third causes of action alleged in the verified cross-complaint because these causes of action are identical to the causes of action

---

[7] Although not identified as an issue, or presented as a separate heading in his opening brief, Timothy also attacks the sufficiency of the allegations in the second and third causes of action, and argues these causes of action are time-barred. We need not address these issues because, as stated *post*, Timothy did not meet his initial burden of establishing that these causes of action arise from petitioning activity.

[8] Timothy also contends that the trial court erred in failing to take judicial notice of the records and files in the marriage dissolution action (BD526798). Timothy did not request judicial notice of any specific documents in that case, or present the documents to the trial court. Timothy also did not present these documents to this court. Thus, any argument on this issue has been forfeited.

6

alleged in Julia's dismissed civil action (BC473279). Stated another way, Timothy maintains the award of attorney fees constitutes a ruling on the merits of the special motion to strike that should also apply here, and therefore the trial court's order denying the motion (as to the second and third causes of action) is erroneous and inconsistent with the order in the dismissed civil action.

"While we may take judicial notice of the *existence* of judicial opinions, court documents, and verdicts reached, we cannot take judicial notice of the truth of hearsay statements in other decisions or court files [citation], or of the truth of factual findings made in another action [citations]." (*Johnson & Johnson v. Superior Court* (2011) 192 Cal.App.4th 757, 768; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564-1569.) Thus, we may take judicial notice of: (1) the minute order in which the trial court awarded Timothy $9,350 in attorney fees; (2) the allegations in the complaint filed in the dismissed civil action (BC473279); and (3) the arguments raised in the special motion to strike. We cannot, however, take judicial notice of the trial court's factual determination underpinning the attorney fees award because to do so would be tantamount to taking judicial notice that the court's determination must necessarily have been correct, and that the court is "infallible." (See *Sosinsky v. Grant*, *supra*, at p. 1568.)[9]

Timothy's argument "appears to improperly merge the doctrine of judicial notice with the doctrines of res judicata and collateral estoppel. Whether a factual finding is true is a different question than whether the truth of that factual finding may or may not be subsequently litigated a second time." (*Sosinsky v. Grant*, *supra*, 6 Cal.App.4th at p. 1569.) The trial court properly declined to take judicial notice based on the procedural defects in both parties' requests. As analyzed here, the trial court also could not have taken judicial notice of the truth of the factual findings associated with awarding Timothy

---

[9] Timothy's request for judicial notice includes the reporter's transcript of the hearing awarding him attorney fees. We take judicial notice the hearing occurred. Timothy, however, does not specify what, if any "indisputable facts" from the hearing may be accepted as true.

7

attorney fees as the prevailing party on his special motion to strike the complaint filed in the dismissed civil action (BC473279).

2. *Section 425.16 Legal Principles*

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The analysis of an anti-SLAPP motion brought under section 425.16, subdivision (b)(1) involves two steps. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one 'arising from' protected activity. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim." (*City of Cotati v. Cashman*, *supra*, 29 Cal.4th at p. 76.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

Review of an order granting or denying an anti-SLAPP motion is de novo. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) We consider the "pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) We do not weigh credibility nor compare the weight of the evidence. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

Guided by these principles, we turn to the issues presented herein. As shall be discussed, Timothy failed to meet his burden of demonstrating that the second and third causes of action alleged in the verified cross-complaint arise from protected speech or petitioning activity.

8

### 3. *Petitioning Activity Has Not Been Established (First Prong)*

Timothy bears the initial burden of establishing the first prong by demonstrating that the second and third causes of action alleged in the verified cross-complaint arise from his petitioning activity. (§ 425.16, subd. (b)(1); *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 669.) Section 425.16, subdivision (e) defines acts in furtherance of the rights of petition and free speech to include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law," or in connection with an issue under consideration or review by such bodies or officials.

In analyzing the first prong, we focus on the substance of the lawsuit. "A cause of action does not 'arise from' protected activity simply because it is filed after protected activity took place. [Citation.]" (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, supra,* 133 Cal.App.4th at p. 669.) Rather, our focus is on whether the causes of action subject to the special motion to strike are based on an act in furtherance of Timothy's petitioning activity. (*City of Cotati v. Cashman*, *supra*, 29 Cal.4th at p. 78.) In deciding this issue, we look to the allegations in the verified cross-complaint. (§ 425.16, subd. (b)(2).) Although we are required to broadly construe the anti-SLAPP statute (§ 425.16, subd. (a)), we must examine the verified cross-complaint in a fair and commonsense manner.

While it is clear that several of the causes of action alleged in the verified cross-complaint were properly stricken as arising from the filing of the marriage dissolution action, our focus is on the fraudulent conduct alleged in the second and third causes of action. " 'Fraud in the inducement . . . occurs when " 'the promisor knows what [s]he is signing but [her] consent is *induced* by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is *voidable*.' " ' " (*Duick v. Toyota Motor Sales, U.S.A., Inc.* (2011) 198 Cal.App.4th 1316, 1320-1321.) Unjust enrichment is "receipt of a benefit and unjust retention of the benefit at the expense of another." (*Lectrodryer v. SeouleBank* (2000) 77 Cal.App.4th 723, 726.)

9

The causes of action in the verified cross-complaint alleging fraud in the inducement and unjust enrichment do not arise from petitioning activity. As an initial matter, the fact that a cross-complaint was filed in this action, or the cross-complaint was triggered by the filing of Timothy's complaint does not mean these claims arise from petitioning activity. (*City of Cotati v. Cashman*, *supra*, 29 Cal.4th at p. 78.) Focusing on the allegations of wrongful conduct, Timothy allegedly made false misrepresentations, inducing Julia to put his name on the title of her home, add his name to her bank accounts, and place her retirement funds into his retirement account. As a result of this fraudulent conduct, Timothy has reaped substantial profits from the monies and real property. These allegations are unrelated to petitioning activity, that is, the filing of the fraudulent marriage dissolution action.

As Timothy points out, the second and third causes of action incorporate by reference general allegations that he filed a fraudulent marriage dissolution action. Additionally, the cause of action for fraud in the inducement specifically alleged that Timothy filed a fraudulent action for dissolution of marriage in response to Julia's efforts to separate the household and purchase his equity in their home. We agree with the trial court that these allegations are merely incidental to the fraudulent conduct alleged in the second and third causes of action, which is unrelated to any petitioning activity.

The mere mention of the marriage dissolution action does not subject these causes of action to a special motion to strike because the alleged conduct did not arise from that petitioning activity. (*Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 103 ["[t]he 'principal thrust or gravamen' of the claim determines whether section 425.16 applies"].) As noted, the filing of the marriage dissolution action is not the basis for liability in the second and third causes of action. (See *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1183 ["For purposes of anti-SLAPP analysis, however, an alleged act is incidental to a claim, and incidental to any unprotected activity on which the claim is based, only if the act is not alleged to be the basis for liability."].) Unlike the complaint in *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1544-1545, 1550-1551, in which protected acts were specifically

10

alleged to be the basis of the claim against the defendant for breach of his fiduciary duties, the filing of the marriage dissolution action is not alleged as a basis for Julia's claims for fraudulent inducement or unjust enrichment. Rather, these causes of action are based on the allegedly fraudulent conduct during the parties' relationship in which Julia alleges she was induced to part with her property, money, and retirement savings before the parties separated and before the property dispute arose that resulted in litigation. Thus, the trial court did not err in denying the special motion to strike these causes of action.

Having concluded Timothy did not meet his burden, it is unnecessary for us to address whether Julia has made a prima facie showing that she is likely to prevail on these causes of action at trial (*City of Cotati v. Cashman*, *supra*, 29 Cal.4th at pp. 80-81), or whether these causes of action are barred by the litigation privilege, or any other affirmative defense.

DISPOSITION

The order denying appellant Timothy Gilroy's anti-SLAPP motion (Code Civ. Proc., § 425.16) to strike the second (fraud in the inducement) and third (unjust enrichment) causes of action alleged in the verified cross-complaint is affirmed. Appellant to bear respondent Julia Gilroy's costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.


We concur:



KLEIN, P. J.



KITCHING, J.


12